UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v.  ) | USDC No. 22-mj-239 (MAU) |
| ) | |
| Jacob Michael Therres, *defendant*. ) | |

OPPOSITION TO GOVERNMENT'S REQUEST FOR
PRETRIAL DETENTION UNDER 18 U.S.C. §3142(f)(1)

Defendant, through undersigned counsel Nathan I. Silver, II, Esq., ("counsel") appointed by this Court under the Criminal Justice Act, hereby opposes the government's request for pretrial detention under 18 U.S.C. §3142(f)(1) and will herein present his argument in favor of his release on personal recognizance with conditions.

1. The defendant is charged with a number of offenses relating to the riot at the U.S. Capitol on January 6, 2022. Among others, the defendant is charged with assault on an officer with a dangerous weapon under 18 U.S.C. §111(b). The government bases its request on 18 U.S.C. §3142(f)(1), which allows for detention if the crime alleged "involves a crime of violence."[1]

2. The Court has set this case for a detention hearing on Friday, Nov. 19, 2022 at 4 o'clock p.m. The Court specifically instructed counsel to present information about the frequency of the government's requests of detention in cases involving §111(b) violations, and government counsel to illuminate the policy that guides its decisions.

3. The defendant will address the issue above after reviewing factors that favor the defendant's release on his own recognizance with conditions.

---

[1] The codefendant, Douglas Wyatt, is charged with the same offenses. The government in his case has not requested detention.

4. The defendant is a lifelong resident of Maryland. He lives with his girlfriend, Katilyn Payne, in Harford Co.[2] The defendant owns a construction business that does most of its business in masonry. He has three employees. The defendant is on probation in a case of Theft (felony)[3] for a period of three years, with roughly half of his time remaining on his sentence. In the year and a half he's already served, he is "in compliance…that he had paid his restitution and completed his community service…and that (the probation officer) has not had any issues with the defendant while supervising his case." (PSA report, page 4, Maryland Probation Officer Leigh Wright) He has two other convictions, a 2017 Assault Second Degree, for which he received a suspended sentence with one year probation, and a 2018 Violation of a Protective Order, for which he received 15 days incarceration and 45 days suspected.) (Id.)

5. There is no record of the defendant having missed a court appearance in his previous three cases. Defendant submits that he is not a flight risk, owing to his substantial ties to the community and the operation of an ongoing business, in which he's responsible both to his customers and his employees. He also has a stable relationship with a young woman who is expecting the couple's first child.

6. It is the defendant's supposition that the government bases its request both on the defendant's criminal history and his alleged use of a wooden plank as a weapon, by hurling it at officers and striking one in the head, during the January 6 Capitol riot.[4] The defendant will not

---

[2] Pretrial Services Agency report (which mistakenly lists the case number as 22-000329-M-01, not 239), did not verify the defendant's address. Counsel has provided contact information for Ms. Payne to PSA Off. Christine Schuck, whom counsel has been advised with be the PSA representative in court on Nov. 17.

[3] Harford Co., MD, C-12-CR-20-000527, disposition date April 7, 2021. (PSA report, page 4)

[4] Though it is alleged that the codefendant handed the plank to the defendant and both defendants are charged under §111(b), the government is not seeking detention of Mr. Wyatt. (*See* Affidavit in Support of the Complaint, page 11)

argue here whether or not the wooden plank constitutes a "deadly or dangerous weapon" within the meaning of the statute, nor contest here whether §111(b) is a crime that involves violence. (*See* 18 U.S.C. §3142(f)(1)(A)  The question the Court faces is whether or not on these assertions may it justify the detention without bond of the defendant pending trial?

       7.  The Court has instructed counsel to report on cases involving §111(b) prosecutions of January 6 defendants in which the government has sought detention under §3142(f)(1)(A). Counsel will begin with a reference to *United States v. Jonathan Copeland,* 22-mj-195 (RMM), in which the defendant is charged under §111(a)(1) and (b).  The defendant is charged as one of a number of defendants who used a so-called "billboard battering ram," an enormous Trump sign encased in a metal frame with a base with wheels.  This was used, according to the government, to push a line of officers who were trying to prevent protesters from entering the Capitol building.  Given its size, materials, and the manner in which it was used it is considered a "deadly or dangerous weapon" for purposes of §111(b)[5]  In the Copeland case, the government has also alleged the defendant engaged in aggressive acts toward police officers near the Peace Circle close to the Capitol, and also acted violently in assisting others who were trying to dislodge an AP cameraman from an area near the steps, and forcing him over a wall.  The defendant has one conviction for Assault from 2013, in which he received a 180-day sentence of incarceration, of which 161 days were suspended.  In the Copeland case, the government did *not* seek pretrial detention.

---

[5] "One of the officers who was a victim of Hamner's assault described the sign to the FBI as '10 to 15 feet wide and two or more feet high. The entire frame of the sign was metal. The wheels on the sign were also large and similar to wheels on a wheelbarrow. Officer (redacted) described the wheels as about the size of a human head. The metal frame of the sign was welded and screwed together.'...Indeed, this Court found the sign was 'attached to a large wheeled foundation' and described the sign as 'large [and] heavy' in this very case." (ECF Doc. 28, Government's Sentencing Memorandum, page 22, *United States v. Thomas Patrick Hamner*, 21-cr-689 (ABJ), discussed *infra.*

8. Counsel is aware of three other "billboard battering ram" cases. (a) *United States v. Thomas Patrick Hamner,* 21-cr-689 (ABJ). In that case, the government sought detention in the Rule 5 proceeding, after which the defendant was ordered held. (*See* ECF Minute Entry, Jan. 21, 2022) He remained committed during the pendency of his case. In contrast to the instant defendant's modest criminal record[6], defendant Hamner's criminal history produced a Category V under the sentencing guidelines. (ECF Doc. 28, page 24) That may have been a significant factor in the government's request for detention.[7] (b) *United States v. Marshall Neefe,* 21-cr-567 (RCL) The court (USDC-Middle District of Pennsylvania) noted that the weight of the evidence was strong; the defendant was subject to a lengthy prison term if convicted, and the defendant had a history of alcohol or substance abuse. (*See* ECF Doc. 9, page 12) Defendant Neefe was charged not only with a §111(b) violation (the billboard) but also with two counts of Conspiracy to Obstruct an Official Proceeding (Tampering with Witness, Victim, or an Informant) and ultimately pled guilty to one such count along with the §111(b) offense, receiving a 41 month sentence, despite having no criminal record. That kind of aggravating factor in the government's detention request does not appear here. (c) *United States v. Alan Byerly*, 21-cr-527 (RDM). The government sought and obtained the defendant's detention in this case. This case involved not only the billboard battering ram but also the defendant taking part in an assault on an AP reporter[8] and the use of a Taser on a federal officer. Byerly was charged separately by complaint

---

[6] It appears from the PSA report that the defendant would have no more than three (3) criminal history points, placing him no higher than Category II under the U.S. Sentencing Guidelines.

[7] Hamner pled guilty to Civil Disorder, 18 U.S.C. §231(a)(3); the §111(b) charge was dismissed at sentencing. He received a sentence of thirty (30) months incarceration.

[8] Counsel believes this is the same camerman counsel's client, defendant Copeland, is alleged to have helped others to assault.

and later by indictment with an assault under §113(a)(4), an assault "within the special maritime and territorial jurisdiction of the United States" by "striking, beating, or wounding."  (Mr. Byerly pled guilty to two offenses, the §111(b) and §113(a)(4) assaults, the first for the sign, the second for the stun gun.)

9.  Counsel submits that the discussion above is useful because the wooden plank is described as a "dangerous weapon" per the sentencing guidelines, that is, "an instrument capable of inflicting death or serious bodily injury" much as the Trump sign was used in the referenced cases. (*See* Commentary, USSG §1B1.1, Application Note 1(e)).

11. Counsel has sought the assistance of the Federal Public Defender in obtaining information about the government's record of requesting detention in January 6 cases. Specifically, Shelli Peterson, Esq., has provided counsel with a list of cases that it compiled, though has not kept current, that shows such requests.[9]

12. The government's detention memorandum[10] says its different positions on release with respect to the defendants in this case is based on the defendant's criminal record and the codefendant's apparent lack of one.   Yet in doing so, it seems to overstate the defendant's record, and especially the  significance it attaches to defendant's Theft case, which originated in 2020.  The government argues that the defendant committed the instant offenses while on release, showing a disrespect for the law.   Maryland Judiciary Case Search records show the following:

Location:            **Harford Circuit Court**

---

[9] The list is in a format that counsel is unable to convert to a pdf for inclusion with this pleading.

[10] ECF Doc. 10, "Motion for Detention Pending Trial," filed Nov. 17, 2022.

| Case Number: | C-12-CR-20-000527 |
|---|---|
| Title: | State of Maryland vs. JACOB MICHAEL THERRES |
| Case Type: | Criminal Indictment |
| Filing Date: | 09/15/2020 |
| Court System: | Circuit Court For Harford County - Criminal |
| Case Status: | Closed / Inactive |
| Tracking Number(s): | 201001351261 |

| Hearing - Initial Appearance | 10/21/2020 | 13:30:00 | Harford County Judge | Courtroom 2-02 | Concluded / Held |
|---|---|---|---|---|---|
| Conference - Scheduling | 11/09/2020 | 08:30:00 | Harford County Judge | Courtroom 2-50 | CancelledReason: Canceled/Vacated |
| Conference - Pre-Trial | 04/07/2021 | 08:30:00 | Harford County Judge | | Reset |
| Conference - Pre-Trial | 04/07/2021 | 08:30:00 | Harford County Judge | Courtroom 2-50 | Concluded / Held |

The record does not show the defendant's release conditions, if any. In addition, there was a lapse of about 5-½ months between the initial appearance on Oct. 21, 2020 (following a filing of charges on Sept. 15, 2020) and a pretrial conference on April 7, 2022, at which the defendant entered a plea of guilty. If anything, this record shows respect for the law by the taking of responsibility for one's conduct. The defendant's probation officer, Ms. Wright, reported to PSA that defendant had paid his restitution that was part of his sentence. That amount, the docket shows was $4,000.00:

*Restitution and Other Costs:*

| Restitution Amount: | $4,000.00 | Entered Date: | 04/08/2021 |
|---|---|---|---|

Itt has been fully paid, more evidence of the defendant's respect for the court of his taking responsibility for his conduct.

13. Defendant disputes the government's assertion that the defendant received a sentence of 2 months, 29 days for a conviction for violating a protective order on June 20, 2018. (Detention motion, page 17) Maryland Judiciary Case Search shows in case D-09-CR-18-000048 that originated on April 2, 2018, the defendant received a "Stet" disposition, meaning a suspension of judgment. It was on Nov. 17, 2021 that defendant received a sentence of 60 days, 45 of them suspended, with probation closed unsatisfactorily. But there's no mention – at least on the Maryland Judiciary Case Search record of the case – that he received nearly three months imprisonment on June 20, 2018, with another nearly two months suspended.

14. With respect to the other convictions, the relative absence of terms of imprisonment indicates the seriousness with which the judges in those cases viewed the defendant's conduct. is evidence of a modest criminal record.

15. In the circumstances, the defendant's conduct, as alleged, does not differ significantly from that of his codefendant. Indeed, the allegation is that the codefendant provided the wooden plank that was thrown at a line of police officers. *Query* who is the leader and who the follower in that situation? This belies the government contention that the defendant "took a de facto leadership in the attack by the violent mob." (ECF Doc. 10, "Motion for Detention Pending Trial," page 15)

16. The defendant submits that the conduct involved here does not involve the aggravating factors found in the cases he cited *infra*. Further, that the bases the government

provides do not justify holding the defendant in this case but not seeking detention of his codefendant.

17. The defendant has sought information from the D.C. Pretrial Services Agency on whether or not the defendant would be eligible for the High Intensity Supervison Program. PSA Off. Andre Sidbury advised counsel that it would have to be explored with Pretrial Services in the District of Maryland, which would provide courtesy supervision were the Court to release the defendant. Counsel has also flagged this issue in an email to PSA Off. Christine Schuck, who, counsel has been told, will be the officer assisting the Court at the detention hearing scheduled for tomorrow (Nov. 18, 2022). Counsel advises the Court that in the case of *United States v. Daniel Scott*, 21-cr-292-01 (also a client of counsel), the defendant was charged with a §111(a) violation, along with a §231 civil disorder offense. The government did not seek detention but opted for location monitoring with a curfew, to be administered by Pretrial Services for the Middle District of Florida. So it appears from the treatment in that case this Court could release the defendant on similar conditions without needing to involve Pretrial Services in Maryland.

18. For the reasons stated, the defendant requests that the Court deny the government's motion.

This pleading is,

                              Respectfully submitted,

                                      /s/

                             NATHAN I. SILVER, II
                             Unified Bar #944314
                             6300 Orchid Drive
                             Bethesda, MD 20817
                             (301) 229-0189 (direct)
                             (301) 229-3625 (fax)
                             email: nisquire@aol.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Andrew Tessman, Esq., U.S. Attorney's Office for the District West Virginia-Detailee, U.S. Dept. of Justice, attorney of record for the government in the instant case, this 18th day of November, 2022.

/s/
_____
*Nathan I. Silver, II*